IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. NICHOLS | ) | CASE NO.  4:10CV0588 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE   KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| JOHN T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Robert L. Nichols ("Nichols"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF 1).  He has also filed a Motion to Set Aside Plea Agreement (ECF 3) and a Motion to Proceed In Forma Pauperis. (ECF 4). Nichols' Motion to Proceed *In Forma Pauperis* is Granted.  For the reasons set forth below, his Motion to Set Aside Plea Agreement is Denied.

On June 28, 2007, he pled guilty to possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a) and was sentenced to a term of imprisonment of 128 months. Nichols presents the following four claims in his current Petition:

> 1. Whether the 1986 Anti-Drug-Abuse Act violates the fairness or equality provision of the U.S. Constitution because it unfairly and with inequality allows offenders to be subject to sentences up to 100 times longer in the length of detention for purposes and objectives that are now found to be untrue and not within the initial objectives of Congressional intent.
> 2. Whether the Petitioner is entitled to be sentenced in a fair and equal manner that is consistent with the fair and equal protection of the U.S. Constitution.
> 3. Whether there was a structural error by the court by not testing the ADAA with the constitutional provisions of fairness and equality before trying the merits of the case or sentencing petitioner.
> 4. Whether trial counsel provided ineffective assistance of counsel.

He asserts that his claims are appropriate under § 2241 because they relate to the execution, and not the imposition of his sentence. Nichols contends that he is entitled to have the judgment against him, and sentence imposed pursuant thereto, vacated because the statutory scheme under which he was convicted and sentenced are unconstitutional. He also asserts that his trial counsel was so ineffective as to render his conviction and sentence invalid.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposes a sentence, as distinct from the court with jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment recommended by the Judicial Conference in 1948, and thus currently provides in the fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy

afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

While § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," *accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997), that exception does not apply here. It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). Thus, the § 2255 remedy is not considered inadequate or ineffective, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), *cert. denied*, 488 U.S. 982 (1988), because the Petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the Petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

No matter how he characterizes it, it is clear that Nichols is challenging his conviction and the fact that a sentence was imposed upon him in the Central District of Illinois, not the execution of or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili,* 925 F.2d at 893-94). None of his grounds for relief pertain to the execution of his sentence; they instead, contain claims that his sentence should be deemed void *ab initio*. As stated

above, except in limited circumstances not at issue here, a federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Moon v. Dewalt,* 2008 WL 2246360 * 2 (E.D. Ky., May 28, 2008)(citing *Capaldi,* 135 F.3d at 1123). There is no indication that a § 2255 motion is either inadequate or ineffective to test the legality of his detention, and, thus, no grounds to allow an action under § 2241 action. This is a § 2255 Motion that should be filed in the United States District Court for the Central District of Illinois. Whether there may be some impediment to that court hearing this case is not for this Court to decide.

Accordingly, Nichols's Motion to Proceed *In Forma Pauperis* is **GRANTED**. (ECF 4). His Motion to Set Aside Plea Agreement is **DENIED**. (ECF 3). This action is **DISMISSED**. *See* 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               **s/ Kathleen M. O'Malley**
                                               JUDGE KATHLEEN M. O'MALLEY
                                               UNITED STATES DISTRICT JUDGE

DATED: May 28, 2010

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.